# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

-----------------------------------------------------------

SHIVA STEIN,                                              :
FRANKLIN LAKES, NEW JERSEY 07417                          :
                                                         : Civil Action No. _____
                     Plaintiff,                           :
                                                         :
v.                                                        : **COMPLAINT FOR VIOLATIONS OF**
                                                         : **SECTIONS 14(a) AND 20(a) OF THE**
SEVERN BANCORP, INC.,                                     : **SECURITIES EXCHANGE ACT OF**
200 Westgate Circle, Suite 200, Annapolis, MD 21401       : **1934**
                                                         :
ALAN J. HYATT, ESQ.,                                      : **JURY TRIAL DEMANDED**
200 Westgate Circle, Suite 200, Annapolis, MD 21401       :
                                                         :
KONRAD M. WAYSON,                                         :
200 Westgate Circle, Suite 200, Annapolis, MD 21401       :
                                                         :
RAYMOND S. CROSBY,                                        :
200 Westgate Circle, Suite 200, Annapolis, MD 21401       :
                                                         :
DR. JAMES H. JOHNSON, JR.,                                :
200 Westgate Circle, Suite 200, Annapolis, MD 21401       :
                                                         :
DAVID S. JONES,                                           :
200 Westgate Circle, Suite 200, Annapolis, MD 21401       :
                                                         :
JOHN A. LAMON III,                                        :
200 Westgate Circle, Suite 200, Annapolis, MD 21401       :
                                                         :
-AND-                                                     :
                                                         :
MARY KATHLEEN SULICK, C.P.A.,                             :
200 Westgate Circle, Suite 200, Annapolis, MD 21401       :
                                                         :
                     Defendants.                          :
-----------------------------------------------------------:

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon

information and belief, including investigation of counsel and review of publicly-available

information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.      This is an action brought by Plaintiff against Severn Bancorp, Inc. ("Severn" or the "Company"), and the members Severn's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a),  and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Severn and Shore Bancshares Corporation ("Shore Bancshares").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") to be filed on August 26, 2021 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders.  The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Severn will be merged with and into Shore Bancshares with Shore Bancshares as the surviving entity. Immediately thereafter, Severn's wholly-owned bank subsidiary, Severn Savings Bank, FSB, will be merged with and into Shore United Bank, the wholly-owned bank subsidiary of Shore Bancshares, with Shore United Bank as the surviving entity (the "Proposed Transaction"). Pursuant to the terms of the Agreement and Plan of Merger, the companies entered into (the "Merger Agreement") each outstanding Severn common share of beneficial interest will be converted into the right to receive (i) 0.6207 of a share of Shore Bancshares common stock; and (ii) $1.59 in cash (the "Merger Consideration").

3.      As discussed below, Defendants have asked Severn's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and

information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Registration Statement contains materially incomplete and misleading information concerning the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.  The financial projections were also utilized by the financial advisor of the Company, Piper Sandler & Co. ("Piper Sandler") in conducting the valuation analyses in support of its fairness opinion. The Registration Statement also omits or misrepresents information regarding the financial analyses conducted by Piper Sandler.

4.      It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Severn's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant Severn is incorporated in Maryland, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the

exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Severn is a Maryland-chartered savings and loan holding company.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Severn common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Alan J. Hyatt has served as the Chairman of the Board and President since 1990.

11.     Individual Defendant Konrad M. Wayson has served as a member of the Board since 2009.

12.     Individual Defendant Raymond S. Crosby has served as a member of the Board since 2012.

13.     Individual Defendant Dr. James H. Johnson, Jr. has served as a member of the Board since 2012.

14.     Individual Defendant David S. Jones has served as a member of the Board since 2012.

15.     Individual Defendant John A. Lamon III has served as President since 2009.

16.     Individual Defendant Mary Kathleen Sulick, C.P.A. has served as a member of the Board since 2012.

17.     Defendant Severn is incorporated in Maryland and maintains its principal offices at 200 Westgate Circle, Suite 200, Annapolis, Maryland 21401.  The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "SVBI."

4

18.     The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

19.     The defendants identified in paragraphs 10-17 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.     <u>The Proposed Transaction</u>**

20.     Severn, together with its subsidiaries, operates as a savings and loan holding company. The Company provides various personal banking products and services comprising checking, savings, money market, time deposit, and individual retirement accounts, as well as mortgage and other lending services, and Internet and mobile banking services; commercial banking products and services, including commercial secured and unsecured lending services, as well as business Internet banking, corporate cash management services, and deposit services to commercial customers comprising the medical-use cannabis industry; and safe deposit boxes, ATMs, debit cards, and credit cards. Its loan portfolio comprises residential mortgage loans; commercial real estate loans; construction and land acquisition, and development loans for the construction of one-to-four family dwellings; commercial construction loans; land loans; residential lot loans; business and commercial loans; and home equity loans, home equity lines of credit, and other consumer loans. In addition, the Company provides commercial real estate brokerage and property management services; acquires real estate for syndication and investment purposes; leases space; engages in title work related to real estate transactions; and provides various insurance products. Severn provides its products and services in Maryland, Delaware, and Virginia. As of February 24, 2021, the Company operated through seven branches located in Annapolis, Edgewater, Severna Park, Lothian/Wayson's Corner, Crofton, and Glen Burnie. Severn was founded in 1946 and is headquartered in Annapolis, Maryland.

21.     On March 3, 2021, the Company and Shore Bancshares jointly announced the

Proposed Transaction:

> EASTON,      Md. and ANNAPOLIS,      Md., March      3,
> 2021 /PRNewswire/ -- Shore Bancshares, Inc. (NASDAQ: SHBI) (
> "Shore"), the holding company of Shore United Bank, and Severn
> Bancorp, Inc. (NASDAQ: SVBI) ("Severn"), the holding company
> of Severn Savings Bank, FSB, today announced they have entered
> into a definitive agreement under which Severn will merge with and
> into Shore in a stock and cash transaction valued at
> approximately $146 million (including common stock and stock
> options), or $11.30 per share of Severn common stock, based on a
> closing price for Shore's common stock of $15.64 as of March 2,
> 2021 and $1.59 per share in cash. Shore expects the transaction to
> be over 30% accretive to EPS in 2022, based on anticipated cost
> savings of approximately 35%.
>
> Severn is    headquartered  in Annapolis,    Maryland with $952.6
> million in total assets, $679.2 million in gross loans and $806.5
> million in total deposits as of December 31, 2020. Severn operates
> seven banking offices located in Anne Arundel County, Maryland.
> The transaction will increase Shore's total assets to
> approximately $2.9 billion on a pro forma basis as of December 31,
> 2020.
>
> Lloyd L. "Scott" Beatty, President and Chief Executive Officer of
> Shore, commented, "The addition of Severn to our organization is
> very exciting. We will now have a presence in Anne Arundel
> County which is a wonderful market and fills in a gap in our
> footprint. The merger also brings new products and talent to our
> organization."
>
> "It is an opportunity for Severn to join forces with a larger
> organization and remain committed to community banking,"
> said Alan Hyatt, President and Chief Executive Officer of Severn.
> "We look forward to the opportunities and benefits this combination
> will bring to our shareholders, in terms of prospects for future
> earnings growth, immediate dividend pick-up and diversification, as
> well as to clients, employees and the many communities we serve."
>
> *Transaction Details*
>
> Under the terms of the definitive agreement, which was
> unanimously approved by the Board of Directors of both companies,
> holders of Severn common stock will have the right to receive
> 0.6207 shares of Shore common stock and $1.59 in cash for each

share of Severn common stock they own. Since the exchange ratio will be fixed at 0.6207, the common stock value of the consideration will float with Shore's stock price. The cash portion of the consideration will be fixed at $1.59 per share.

Existing Shore shareholders will own approximately 59.6% of the outstanding shares of the combined company and Severn shareholders are expected to own approximately 40.4%. Shore will appoint four Severn directors to the Shore Board, including Mr. Hyatt. Mr. Beatty will continue as Chief Executive Officer of the combined company and Mr. Hyatt will serve as Chairman of the Board of Directors.

The transaction is expected to close in the third quarter of 2021, subject to satisfaction of customary closing conditions, including regulatory approvals and shareholder approval from Shore and Severn shareholders. Severn directors, executive officers and certain shareholders have entered into agreements with Shore pursuant to which they have committed to vote their shares of Severn common stock in favor of the merger of Severn with and into Shore. Shore directors and executive officers have entered into agreements with Severn pursuant to which they have committed to vote their shares of Shore common stock in favor of the issuance of shares of Shore to Severn shareholders in the merger. For additional information about the proposed merger of Severn with and into Shore, shareholders are encouraged to carefully read the definitive agreement that will be filed with the Securities and Exchange Commission ("SEC") today.

Janney Montgomery Scott LLC acted as financial advisor to Shore in the transaction and delivered a fairness opinion to the Board of Directors of Shore. Holland & Knight LLP served as legal counsel to Shore. Piper Sandler & Co. acted as financial advisor to Severn and delivered a fairness opinion to the Board of Directors of Severn. Luse Gorman, PC served as legal counsel to Severn.

* * *

22.     The Board has unanimously agreed to Proposed Transaction.  It is therefore imperative that Severn's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.**     <u>**The Materially Incomplete and Misleading Registration Statement**</u>

23.     On August 26, 2021, Severn and Shore Bancshares jointly filed the Registration

Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement

was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the

Proposed Transaction.  The Individual Defendants were obligated to carefully review the

Registration Statement before it was filed with the SEC and disseminated to the Company's

stockholders to ensure that it did not contain any material misrepresentations or omissions.

However, the Registration Statement misrepresents and/or omits material information that is

necessary for the Company's stockholders to make an informed decision concerning whether to

vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange

Act.

24.     With respect to the financial projections, the Registration Statement fails to provide

material information.

25.     The Registration Statement completely fails to provide prospective financial

information in regards to Shore Bancshares. This information is material as Severn shareholders

will be receiving Shore Bancshares stock in return for their Severn shares.

26.     With respect to Piper Sandler's *Comparable Company Analyses*, the Registration

Statement fails to disclose the multiples and financial metrics for the companies observed by Piper

Sandler in its analyses.

27.     With respect to Piper Sandler's *Analysis of Precedent Transactions*, the

Registration Statement fails to disclose the multiples and financial metrics for the transactions

observed by Piper Sandler in its analysis.

28.     With respect to Piper Sandler's *Net Present Value Analyses* for Severn, the

Registration Statement fails to disclose: (i) the terminal value of Severn common stock at

December 31, 2025; (ii) the basis for applying price to December 31, 2025 earnings multiples ranging from 8.0x to 13.0x and multiples of December 31, 2025 tangible book value ranging from 85% to 110%; (iii) the basis for applying discount rates ranging from 9.0% to 14.0%; (iv) the inputs underlying the assumption of Severn's earnings varying from 15% above projections to 15% below projections; and (v) the basis for applying a discount rate of 13.04% to the range of per share values for Severn's common stock.

29.     With respect to Piper Sandler's *Net Present Value Analyses* for Shore Bancshares, the Registration Statement fails to disclose: (i) the terminal value of Shore Bancshares common stock at December 31, 2025; (ii) the basis for applying price to December 31, 2025 earnings multiples ranging from 10.0x to 15.0x and multiples of December 31, 2025 tangible book value ranging from 80% to 130%; (iii) the basis for applying discount rates ranging from 9.0% to 14.0%; (iv) the inputs underlying the assumption of Shore Bancshares' earnings varying from 15% above projections to 15% below projections; and (v) the basis for applying a discount rate of 13.04% to the range of per share values for Shore Bancshares' common stock.

30.     In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

31.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

32.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

33.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.   Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

34.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

35.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.   The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes

negligence.   Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.   Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

36.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.   Plaintiff has no adequate remedy at law.   Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

### COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

37.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38.     The Individual Defendants acted as controlling persons of Severn within the meaning of Section 20(a) of the Exchange Act as alleged herein.   By virtue of their positions as directors of Severn, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Severn, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

39.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

40.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Severn, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Registration Statement.

41.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

42.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

43.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

44.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 8, 2021                    **GOLDMAN & MINTON, P.C.**

                                            By:   */s/ Thomas J. Minton*
                                                 Thomas J. Minton (Bar No. 03370)
**OF COUNSEL:**                                  3600 Clipper Mill Road, Suite 201
                                                 Baltimore, MD 21211
**MELWANI & CHAN LLP**                           Telephone: (410) 783-7575
Gloria Kui Melwani                               Email: tminton@charmcitylegal.com
1180 Avenue of the Americas, 8th F.
New York, NY 10036                               *Attorneys for Plaintiff*
Telephone: (212) 382-4620
Email: gloria@melwanichan.com